# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                                     )

       v.                 )      ID No. 1901019378

                                     )

NAZJHEIR LLOYD,          )

                                     )

          Defendant.     )

                                     )

Date Submitted: November 15, 2023
Date Decided: December 5, 2023

## ORDER

Upon consideration of Defendant Nazjheir Lloyd's ("Lloyd") Motion for Sentence Modification ("Motion"),[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)    On December 5, 2019, Lloyd pled guilty to Possession of a Firearm or Ammunition by a Person Prohibited ("PFABPP") (IN19-03-0397), and Possession of a Firearm During the Commission of a Felony ("PFDCF") (IN19-03-0396).[2] Lloyd was sentenced the same day as follows: 8 years at Level V, suspended after 5 years at Level V, for 6 months Level IV DOC Discretion, followed by 1 year at Level III for PFABPP; and 3 years at Level V for PFDCF.[3]

---

[1] D.I. 27.
[2] D.I. 23.
[3] D.I. 24.

1

(2)     Lloyd filed the instant Motion on November 15, 2023.[4]  In his Motion, Lloyd claims "[t]he Court did not apply mitigating factors related to [his] age or socio-economic upbringing and did not fashion a sentence to account for anything but correctional treatment."[5]   He also claims the case "proceeded without any adherence to the then (2019) DOJ guidance as dictated in the new Attorney General's memo to her staff titled, 'Fairness and Equity in the Criminal Justice System: Internal policies,'" where the policy reads,

> [w]e will adopt an office-wide presumption not to charge multiple minimum mandatory crimes when one crime accounts for the facts and circumstances of an event.  Deputies will focus on limiting the number of charges in an indictment to those that most accurately reflect the misconduct and are most provable.[6]

He claims that if the policy had been followed, he would have only been charged with one crime as opposed to two.[7]   Therefore, he requests a modification to his Level V confinement and/or Level IV alternatives.[8]

(3)     Superior Court Criminal Rule 35(b) governs motions for modification of sentence.[9]   The purpose of Rule 35(b) is to "provide a reasonable period for the Court to consider alteration of its sentencing judgments."[10]   Rule 35(b) contains

---

[4] D.I. 27.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] Super. Ct. Crim. R. 35(b).
[10] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).

procedural bars for timeliness and repetitiveness.[11]  Under Rule 35(b), the "[C]ourt may reduce a sentence of imprisonment on a motion made within 90 days after the sentence was imposed" and will consider untimely motions "only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[12]  Furthermore, the Court cannot modify the minimum mandatory portion of a sentence.[13]

(4)    Lloyd's Motion is procedurally barred.  His Motion is untimely since it is brought nearly four years after sentencing—well past the 90-day deadline.[14] Lloyd cites his good behavior, the various treatment programs in which he has participated in, and the Attorney General's 2019 guidelines sent out in a memo.[15] While the Court commends Lloyd on good behavior and program participation, the Court does not find any "extraordinary circumstances" to warrant an extension of the 90-day deadline.[16]

(5)    Even if Lloyd's Motion pled sufficient facts to overcome the time bar, his sentences for PFABPP and PFDCF are minimum mandatory sentences, and therefore, Court lacks authority to reduce it.[17]  As such, the Court finds the sentence

---

[11] Super. Ct. Crim. R. 35(b).
[12] *Id.*
[13] 11 *Del. C.* § 4204(d); D.I. 27.
[14] D.I. 27.
[15] *Id.*
[16] *See State v. Redden*, 111 A.3d 602, 607 (Del. Super. 2015) (explaining that extraordinary circumstances must specifically justify the delay, be beyond the movant's control, and *be the reason the movant was prevented from timely filing*) (emphasis added).
[17] *See* 11 *Del. C.* § 1448(e)(1)b; 11 *Del. C.* § 1447(a) (repealed by 81 Laws 2019, ch. 66 § 2).

is appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Lloyd's Motion

for Sentence Modification is **DENIED**.

**IT IS SO ORDERED.**


               /s/ Jan R. Jurden
               Jan R. Jurden, President Judge


cc:    Original to Prothonotary
       Erik C. Towne, DAG
       Nazheir Lloyd (SBI # 00145363)